UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DOUGLAS STEBBINS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:10-cr-00077-JAW |
| ) | 1:14-cv-00368-JAW |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner Douglas Stebbins, Jr. moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence on two claims of ineffective assistance of counsel. (Motion, ECF No. 71.) Petitioner contends that (1) counsel failed to argue at sentencing for a 30-month credit for Petitioner's pretrial detention on state charges in Massachusetts; and (2) counsel failed to file a motion to modify the sentence based on the fact that a Maine state prison contraband charge that influenced the Court's decision to deny Petitioner a reduction in the offense level for acceptance of responsibility was dismissed shortly after Petitioner's federal sentencing.[1]

The Government requests a summary dismissal because the two underlying issues upon which Petitioner seeks relief in his section 2255 motion were decided against him in his direct appeal. As explained below, the recommendation is that the Court deny Petitioner's request for relief, and dismiss Petitioner's motion.

---

[1] In his reply, Petitioner stated that he wished to withdraw his second claim, *i.e.*, that counsel failed to file a motion to modify the sentence after the Maine state charge was dismissed. (Reply, ECF No. 81 at 1-2.) His reasons are judicial economy and the desire to demonstrate his acceptance of responsibility. (*Id.*) Because the issue has been fully briefed and the recommendation is to deny relief, the issue is addressed here on the merits.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following facts about the federal charge are derived from the prosecution version and the First Circuit's opinion in Petitioner's direct appeal. (Prosecution Version, ECF No. 12.) *United States v. Stebbins*, 523 F. App'x 1 (1st Cir. 2013) (unpublished). At the plea hearing, Petitioner told the court that the information in the prosecution version, with amendments as acknowledged at the plea hearing, was true to his personal knowledge. (Plea Tr., ECF No. 44 at 17.)

On January 28, 2008, Petitioner, who was at that time a convicted felon, was arrested during a traffic stop in Holden, Massachusetts, for unlawful possession of two firearms. (Prosecution Version at 1.) A search of his vehicle revealed a backpack that contained the firearms: a Walther model P22 .22 caliber pistol, and a Smith and Wesson model Sigma .40 caliber pistol. (*Id.*)

Subsequent investigation revealed that Petitioner had purchased the Walther on January 20, 2008, through a straw man who had purchased it from Bait, Bolts and Bullets, a federal firearms licensee in Solon, Maine.[2] (*Id.*) Petitioner had accompanied the straw man and told him to purchase the Walther. (*Id.*) Between October 2007 and January 2008, at Petitioner's direction, Petitioner's straw man purchased seven firearms for Petitioner. (*Id.* at 2; Plea Tr. at 15.) In addition, the straw man purchased a Ruger, Model P95DC .9mm pistol for Petitioner at Petitioner's direction, on November 26, 2008, from Jim's Gun Shop, a federal firearms licensee in Winslow, Maine. (Prosecution Version at 2.) Petitioner provided the straw man with cash to complete each of the nine

---

[2] The straw man was identified in the prosecution version as William C. Wheeler, Jr. (Prosecution Version, ECF No. 12 at 1.) Wheeler pled guilty to making and conspiring to make false statements to a licensed federal firearms dealer during firearms purchases, and with knowingly making a false statement to a federal agent. *United States v. Stebbins*, 523 F. App'x 1, 2 (1st Cir. 2013); *United States v. Wheeler*, No. 1:10-cr-00078-JAW.

2

firearms purchases, Petitioner obtained possession within a short time after each of the straw man's purchases, and Petitioner paid the straw man $80 to $100 for each of the transactions. (*Id.*)

All of the firearms sold meet the definition of a firearm under 18 U.S.C. § 921(a)(3), and all had been shipped or transported in interstate or foreign commerce. (*Id.*) Petitioner had previously been convicted in state court in Maine, pursuant to 17-A M.R.S. § 1103, of felony (Class B) drug trafficking, and was sentenced to seven years of imprisonment. (*Id.* at 2-3.)[3]

In June 2010, Petitioner waived indictment and pled guilty to an information charging him with possession of a single firearm as a felon, which violated 18 U.S.C. §922(g)(1), and he thus was subject to the penalties set forth in 18 U.S.C. § 924(a)(2).[4] (Plea Tr. at 2-3, 8, 23-24.) In April 2011, counsel moved to withdraw. (Motion to Withdraw, ECF No. 34.) In May 2011, the Court granted the motion and appointed new counsel who represented Petitioner through sentencing and the appeal. (Order, ECF No. 38; Form, ECF No. 39.)

According to the presentence investigation report, Petitioner was responsible for a total of sixteen weapons, comprised of nine that Petitioner obtained from the straw man, six additional weapons, and the Smith and Wesson pistol in Petitioner's backpack.

---

[3] Petitioner's state drug trafficking conviction is docketed in Somerset County Superior Court at No. CR-03-382. (Prosecution Version, ECF No. 12 at 2-3.)

[4] Title 18 U.S.C. § 922(g)(1) provides:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Title 18 U.S.C. § 924(a)(2) provides in pertinent part that "[w]hoever knowingly violates [18 U.S.C. § 922(g) or certain other provisions] shall be . . . imprisoned not more than 10 years."

3

*Stebbins*, 523 F. App'x at 2.  The report also "summarized wiretap evidence that [Petitioner] was a long-time supplier of firearms to drug dealers." *Id.*

The presentence investigation report recommended a base offense level of 20, *see* U.S.S.G. § 2K2.1(a)(4)(A); a four-level increase because between 8 and 24 firearms were involved, *see* § 2K2.1(b)(1)(B); a four-level increase for trafficking in firearms, *see* § 2K2.1(b)(5); a four-level increase because Petitioner transferred the firearms with reason to believe that they would be used in connection with another felony, *see* § 2K2.1(b)(6); and a three-level reduction for acceptance of responsibility, *see* § 3E1.1, for a total offense level of 29.  *Stebbins*, 523 F. App'x at 2.  Based on a total offense level of 29 and a criminal history category of IV, the report calculated the advisory guidelines range to be 121-151 months of imprisonment.  *Id.*  The statutory maximum was 120 months.  *Id.*; 18 U.S.C. §924(a)(2).

Petitioner objected to the trafficking enhancement under U.S.S.G. § 2K2.1(b)(5), as he argued that he did not know that the firearm was going to be used unlawfully.[5] *Stebbins*, 523 F. App'x at 2-3.  The First Circuit noted:

> When [Petitioner] denied any such knowledge, the Government offered evidence supporting pending drug and firearm charges in Massachusetts, arising out of the conduct charged here, to show that he knew perfectly well how the firearms would be used.  In denying a motion to suppress in that case, the Massachusetts Superior Court had found that [Petitioner] had negotiated the exchange of firearms for cocaine or marijuana from two individuals, . . . who were involved in other instances of drug trafficking. . . . . .  At sentencing, the district court admitted into evidence the Massachusetts suppression decision, six indictments naming [Petitioner and the two others] in drug and firearms conspiracies, as well as other corroborative evidence.

---

[5] U.S.S.G. § 2K2.1(b)(5) states: "If the defendant engaged in the trafficking of firearms, increase by **4** levels."  Application Note 13(A)(ii)(II) to § 2K2.1(b)(5) states that subsection (b)(5) applies if the defendant "knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual . . . who intended to use or dispose of the firearm unlawfully."

4

*Id.* at 3.

The Government argued that the three-level reduction for acceptance of responsibility should not apply due to subsequent criminal conduct that took place while Petitioner was incarcerated in Maine and consisted of "trafficking in prison contraband, stemming from his attempts to smuggle drugs into prison." *Id.* In support of its argument against a reduction for acceptance of responsibility based on the new criminal conduct, the Government introduced the State's complaint against Petitioner, an investigative report, a handwritten note that Petitioner passed to another inmate, and the complaint and dismissal of charges against Petitioner's partner, who brought the drugs into the jail on her person. (Sentencing Tr., ECF No. 65 at 44, 47.)

The Court applied the four-level enhancement under § 2K2.1(b)(5) and denied the three-level reduction for acceptance of responsibility, after concluding that it was more likely than not that Petitioner committed the crime of attempted trafficking in prison contraband. *Id.* (Sentencing Tr., ECF No. 65 at 33-36, 43-48). The Court's sentencing guideline calculations were as follows: the base offense level was 20, to which the Court added four levels for each of three enhancements because Petitioner (1) committed an offense involving between 8 and 24 guns, *see* §2K2.1(b)(1)(B); (2) trafficked in firearms, *see* §2K2.1(b)(5); and (3) possessed or transferred a firearm with knowledge, intent, or reason to believe it would be used or possessed in connection with another felony offense, *see* §2K2.1(b)(6). (Sentencing Tr. at 64.) The Court calculated a total offense level of 32 and a criminal history category of IV; the findings yielded an advisory sentencing range of 168-210 months. *Stebbins*, 523 F. App'x at 3 (Sentencing Tr. at 64.)

The Court considered the 18 U.S.C. § 3553 sentencing factors and noted that "only three of the guns attributable to [Petitioner] had been recovered, leaving society at serious risk from the thirteen.  Although [Petitioner] had a tough youth, the court found it 'disturbing' that he continued to engage in crime, even while awaiting sentencing." *Stebbins*, 523 F. App'x at 3.  The Court imposed the statutory maximum sentence of 120 months.  *Id.*  *See* 18 U.S.C. §924(a)(2).

Petitioner appealed from the sentence on four grounds, two of which are the subject of Petitioner's section 2255 motion.  First, Petitioner argued that "the district court should have reduced his sentence under U.S.S.G. § 5G1.3(b) to account for his incarceration for 30 months on the related state drug and firearm charges prior to sentencing in this case."[6] *Stebbins*, 523 F. App'x at 3.  Although the First Circuit reviewed the matter for plain error because the record did not reflect that Petitioner had preserved the claim, the First Circuit found no error because section 5G1.3(b) does not apply.  *Id.* at 3-4.  Section 5G1.3(b) "applies only when the defendant being sentenced on federal charges is already serving a sentence imposed by another court."  *Id.* at 4 (quotation marks omitted).  Because Petitioner "was merely detained on pending state charges in Massachusetts," and "was not serving an undischarged term of imprisonment," the district court did not err in failing to apply section 5G1.3(b).  *Id.* (quotation marks omitted).

---

[6] U.S.S.G. §5G1.3(b)(1) provides that if

> a term of imprisonment resulted from another offense that is relevant conduct to the instant offense . . . and that was the basis for an increase in the offense level for the instant offense . . . the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons.

6

The First Circuit also considered the statute that provides for credit for prior custody. *Stebbins*, 523 F. App'x at 4 (citing 18 U.S.C. § 3585(b)).[7] The Court noted that "[w]hile '§ 3585(b) does not authorize a district court to compute the credit at sentencing,' the Bureau of Prisons has authority to provide it as an administrative remedy, subject to ultimate judicial review by habeas petition under 28 U.S.C. § 2241." *Id.* at 4 (citations omitted) (quoting *United States v. Wilson*, 503 U.S. 329, 334 (1992)). The First Circuit found that when an inmate wants to challenge or clarify the amount of credit for time served, the inmate must seek an administrative remedy before the Bureau of Prisons, and the administrative determination would be subject to review through a section 2241 petition. *Id.* The First Circuit expressed "no opinion on the question of ultimate entitlement to administrative relief." *Id.*

Petitioner's second argument on appeal challenged the Court's denial of a three-level reduction for acceptance of responsibility. *Stebbins*, 523 F. App'x at 4. The First Circuit held that the Court did not err when it denied the reduction because "the evidence of the drug-trafficking crime that [Petitioner] allegedly committed in prison after the preparation of the [presentence investigation report] militated against the favorable treatment." *Id.* Petitioner's third and fourth arguments on appeal are not at issue in this

---

[7] Title 18 U.S.C. §3585(b) states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences−
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

7

section 2255 motion.[8]  The Supreme Court denied Petitioner's application for a writ of certiorari on October 7, 2013.  *Stebbins v. United States*, 134 S. Ct. 318 (2013).

Petitioner timely filed his section 2255 motion on September 15, 2014, in which motion Petitioner cited two grounds.[9]  (Motion at 1; Response, ECF No. 80 at 6 n.2.) Petitioner first argues that counsel was constitutionally ineffective because counsel failed to argue at sentencing that Petitioner should receive a credit of 30 months for time served in pretrial detention in Massachusetts on state drug and firearms charges. (Motion at 2-6.)  Petitioner filed an affidavit of his plea counsel, in which affidavit counsel asserted that "[o]n November 25, 2009, I wrote to Mr. Stebbins that he 'might be able to get credit for the state time that [he was] held before conviction on the federal charges.  I cannot tell whether that can occur at this stage.'"  (Affidavit, ECF No. 71-1 at 1).  Counsel also asserted that the Government told him that it would not oppose credit for time served, pursuant to U.S.S.G. § 5G1.3.  (*Id.* at 1-2.)  Counsel advised Petitioner to ask the Court to find that the federal charges were based on the same conduct as the Massachusetts charges.  (*Id.* at 2-3.)

Petitioner next contends that counsel was ineffective because he failed to file a motion to modify the sentence after the Maine state charge for attempted trafficking in prison contraband, 17-A M.R.S. § 757(1)(A), was dismissed following Petitioner's

---

[8] Petitioner's third argument was that the Court erred when it imposed a four-level enhancement based on its finding that Petitioner knew or had reason to believe that one or both of the persons to whom Petitioner transferred the firearms intended to use or dispose of the firearm(s) unlawfully. *Id.* at 5.  The First Circuit held that the district court did not commit error. *Id.*  Petitioner's fourth argument was that the sentence was "substantively unreasonable overall."  *Id.* at 6.  The First Circuit held that the district court did not abuse its discretion in sentencing Petitioner to a prison term of the statutory maximum of 120 months.  *Id.*

[9] Petitioner's motion does not conform to the requirements of Rule 3(d) of the Rules Governing Section 2255 Proceedings regarding the prison mailbox rule, but because the petition was filed in Court in advance of the expiration of the one-year statute of limitation, under 28 U.S.C. 2255(f)(1), that is not an issue. Similarly, Petitioner has not complied with Rule 2(b)(5) because he failed to sign the motion "under penalty of perjury by the movant or by a person authorized to sign it for the movant."  However, if the Court adopts this recommendation, that issue will be moot.

8

federal sentencing. (Motion at 7-8; State Court Dismissal and Docket Sheet, ECF Nos. 71-2, 71-3.) Petitioner maintains that because the Court was persuaded by the prison contraband charge to deny Petitioner a three-level reduction for acceptance of responsibility, logically, upon the appropriate motion, the dismissal of the charge would have resulted in a reduction in Petitioner's sentence. (*Id.*)

The Government requests summary dismissal. In support of its request, the Government argues that (1) Petitioner's claims of ineffective assistance of counsel fail because on appeal, the First Circuit decided the issues underlying those claims against Petitioner; (2) Petitioner does not have any freestanding claims of constitutional dimension; and (3) Petitioner cannot demonstrate either deficient performance by counsel or prejudice on his claims of ineffective assistance of counsel. (Response at 9-10.)

In his reply, Petitioner asserts that he wants to withdraw his second ground, *i.e.*, that counsel was ineffective for failing to file a motion to modify the sentence after the state charge for prison contraband was dismissed. (Reply, ECF No. 81 at 1-2.) Petitioner continues to press his claim of ineffective assistance of counsel for failure to argue for the 30-month credit for time served. (*Id.* at 2-4.) Petitioner alleges that he raised the issue of the credit administratively, but the Bureau of Prisons denied his request. (*Id.* at 3.) Petitioner provides an attachment with administrative documents. (*Id.* at 3; Attachment, ECF No. 81-1.) Petitioner also argues that a recent amendment to section 5G1.3 supports his argument. (Reply at 4.)

## II. DISCUSSION

### A. Legal Standard

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).[10] Here, given that Petitioner alleges ineffective assistance of counsel, and given that Petitioner's right to counsel is guaranteed by the Sixth Amendment, Petitioner argues that the sentence was imposed in violation of "the Constitution or laws of the United States."

The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). On a claim of ineffective assistance of counsel, a petitioner "must establish both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Turner v. United States*, 699 F.3d 578, 584 (1st Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)); *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that "in order to satisfy the

---

[10] Title 28 U.S.C. § 2255(a) states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"). The two prongs of the ineffective assistance test are commonly referred to as the "cause" and "actual prejudice" tests. *Bucci v. United States*, 662 F.3d 18, 29 (1st Cir. 2011). The "cause" test is "a 'fairly tolerant' one because 'the Constitution pledges to an accused an effective defense, not necessarily a perfect defense or a successful defense.'" *Moreno-Espada v. United States*, 666 F.3d 60, 65 (1st Cir. 2012) (quoting *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994)). The issue is whether counsel's performance was "'within the wide range of reasonable professional assistance' that a competent criminal defense counsel could provide under 'prevailing professional norms.'" *Bucci*, 662 F.3d at 30 (quoting *Strickland*, 446 U.S. at 688-89).

A district court that reviews such claims is not required to address both prongs of the test because a failure to meet either prong will undermine the claim. *Strickland*, 466 U.S. at 697. "Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954).

### B. Grounds Asserted and Analysis

#### 1. Claim of ineffective assistance of counsel regarding failure to seek credit for pretrial detention (Ground One).

On Petitioner's direct appeal, the First Circuit held that because Petitioner served the time in pretrial detention, and because section 5G1.3 applies only to time served on a

sentence, U.S.S.G. § 5G1.3 has no applicability. *Stebbins*, 523 F. App'x at 4. The issue of credit for pretrial detention, therefore, "was resolved against [Petitioner] on direct appeal, and cannot be collaterally attacked in these proceedings." *Barrett v. United States*, 965 F.2d 1184, 1190 n.11 (1st Cir. 1992). That is, an issue that the First Circuit has rejected on direct appeal may not be reviewed again through a section 2255 motion. *Singleton v. United States*, 26 F.3d 233, 240 (1994). Because Petitioner was not entitled to credit for the time served, counsel was not deficient, nor was Petitioner prejudiced, by the failure of Petitioner's counsel to make the argument. *See Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) ("Since [Petitioner's] claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail.")[11]

The First Circuit's discussion of 18 U.S.C. § 3585(b) provides the procedural path that Petitioner must follow if he is to pursue his administrative claim to its conclusion. *Stebbins*, 523 F. App'x at 4. The First Circuit noted that an inmate must seek an administrative remedy before the Bureau of Prisons, and, if dissatisfied with the administrative decision, the inmate could seek judicial review through a section 2241 petition. *Id.* The First Circuit, therefore, did not address on appeal the merits of the time served argument. Similarly, the matter is not appropriate for this Court's consideration in this section 2255 proceeding.[12]

---

[11] Although it does not appear that Petitioner intends to state a claim of ineffective assistance of counsel against plea counsel, Petitioner's allegations in any event do not amount to either deficient performance or prejudice with respect to plea counsel's approach to the issue of time served.

[12] This Court thus need not address the argument that Petitioner makes regarding the effect of an amendment to U.S.S.G. § 5G1.3.

12

2. **Claim of ineffective assistance of counsel regarding failure to move to modify the sentence (Ground Two).**

Petitioner contends that counsel was ineffective for failing to move to modify the sentence when, within a few weeks after Petitioner's federal sentencing, the state of Maine dismissed the prison contraband charge that had been filed against Petitioner. (Motion at 7-8.) Specifically, Petitioner contends that at sentencing, the Court might have granted a three-point reduction in the offense level for acceptance of responsibility if it had known that the prison contraband charge was to be dismissed. (*Id.*) Petitioner argues, therefore, that counsel should have requested a sentence modification as soon as possible after the state charge was dismissed. (*Id.*)

In his appellate brief, Petitioner informed the First Circuit that the prison contraband charge had been dismissed, although the reason Petitioner gave−insufficient evidence−was incorrect. (Appellant's Brief, No. 11-2232 at 10.)[13]  The First Circuit held that this Court did not err when it denied the reduction for acceptance of responsibility based on the fact that Petitioner had likely introduced contraband into prison. *Stebbins*, 523 F. App'x at 4-5.  The First Circuit concluded that the district court's decision was "perfectly consistent" with First Circuit authority that "'[c]riminal conduct, whatever its nature, is a powerful indicium of a lack of contrition.'" *Id.* at 5 (quoting *United States v. Jordan*, 549 F.3d 57, 61 (1st Cir. 2008)).  To the extent that this Court's sentencing decision was based on Petitioner's conduct, therefore, regardless of the fact that there was no state court conviction, the decision may not be relitigated. *See Singleton*, 26 F.3d at

---

[13] The State's explanation for the dismissal does not suggest a basis for reconsideration of the Court's decision not to grant Petitioner a reduction due to an acceptance of responsibility. (Dismissal, ECF No. 71-2.) The State maintains that it dismissed the charge because Petitioner had pled guilty to the federal charge in this case and had been sentenced to ten years in prison.  The State's dismissal notice concludes that "[f]urther prosecution of this matter would serve no useful purpose." (*Id.*) The State, therefore, did not dismiss the matter due to concerns about Petitioner's involvement in the alleged conduct.

13

240; *Barrett*, 965 F.2d at 1190 n.11. The dismissal of the state charge does not alter the First Circuit's analysis regarding this Court's denial of a reduction for acceptance of responsibility based on the conduct that was the subject of the charge.

Finally, the Court does not have the authority to modify a sentence once it has been imposed, unless the reason for the modification is within one of a limited number of exceptions.[14] The exceptions include (1) where the Director of the Bureau of Prisons moves to reduce the term of imprisonment for "extraordinary and compelling reasons, 18 U.S.C. § 3582(c)(1)(A)(i); (2) where the defendant is over 70 years old, has served at

---

[14] The exceptions are set forth in 18 U.S.C. § 3582(c), which provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case—
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction; or
>
> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

least 30 years in prison, and the Director of the Bureau of Prisons has determined that the defendant is no longer a danger to any person or the community, § 3582(c)(1)(A)(ii); (3) where there has been a clerical error in the judgment and the motion is made within fourteen days after sentencing, § 3582(c)(1)(B), Fed. R. Crim. P. 35(a); (4) where the Government has filed a Rule 35 motion within one year of sentencing to reduce a defendant's sentence for substantial assistance in investigating or prosecuting another person, § 3582(c)(1)(B), Fed. R. Crim. P. 35(b); (5) where the Sentencing Commission has lowered the sentencing range on which the defendant's sentence was based, § 3582(c)(2); or (6) where a defendant filed a notice of appeal to the applicable court of appeals and the appeals court has modified the sentence pursuant to 18 U.S.C. §3742(a) because it was imposed in violation of law, was greater than the sentencing guidelines range, or was imposed for an offense for which there is no sentencing guideline and the sentence is "plainly unreasonable."  None of the exceptions applies to Petitioner's case, and, therefore, he is not entitled to a sentence modification.

### III.  CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases.  The recommendation is that the Court deny Petitioner's section 2255 motion, and deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**NOTICE**
A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by

the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of May, 2015.